# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant JOSEPH J. LEE**
**United States Army, Appellant**

ARMY 20140265

Headquarters, 25th Infantry Division
Craig S. Denney and David L. Conn, Military Judges
Colonel Mark A. Bridges, Staff Judge Advocate (pretrial)
Lieutenant Colonel Toby N. Curto, Acting Staff Judge Advocate (recommendation)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

13 January 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of aggravated sexual abuse with a child under twelve years of age and one specification of assault consummated by battery of a child under sixteen years of age in violation of Articles 120b and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920b and 928 (2012) [hereinafter UCMJ].[1] The military judge sentenced appellant to a dismissal from the service and thirty months confinement.  The convening authority approved the sentence as adjudged.

---

[1] Appellant attempted to plead guilty to the lesser included offense of assault consummated by battery for one of the Article 120b specifications, however, the military judge found appellant guilty, with minor substitutions, of the greater offense.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which warrants discussion and relief. We also find that the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be meritless.

## BACKGROUND

Eleven-year-old KG and her sister fell asleep on a neighbor's couch while waiting for their parents to leave a party being held at the same house. It was past the girls' usual bedtime.

When KG awakened, she found herself in the downstairs bathroom – with appellant kissing her bare stomach. Her clothes were on but her shirt was above her stomach. As appellant touched KG, he told her she had a sexy stomach. Shortly after, appellant's hands were touching her waistline and he tried to pull down her shorts. Realizing what was going on, KG testified she "pulled [her shorts] back up," pushed appellant away, and tried to leave the bathroom. Appellant grabbed her by the arm and unsuccessfully tried to pull her back into the bathroom. As KG walked out, Ms. LJ, the homeowner, witnessed KG leaving the bathroom followed by appellant. Ms. LJ knew appellant was not KG's father and became suspicious as to what occurred in the bathroom with appellant.

KG immediately informed her parents that appellant had touched her inappropriately. As a result of appellant's actions, he was convicted of three specifications of aggravated sexual assault of KG. Specification 1 of Charge I alleges appellant committed a lewd act by "touching and kissing [the victim's] abdomen while saying 'you have a sexy stomach' or words to that effect." Specification 2 of Charge I alleges appellant committed a lewd act by "touching her abdomen, torso, and pelvic area." Specification 3 of Charge I alleges appellant committed a lewd act by "lifting her t-shirt and pulling down her shorts."

## LAW AND DISCUSSION

*Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). "[T]he prohibition against unreasonable multiplication of charges addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. 338 (internal quotation marks omitted).

Application of the *Quiroz* factors in this case balances in favor of appellant and requires a finding of unreasonable multiplication of charges for Specifications 1, 2 and 3 of Charge I for findings.[2] Appellant stands convicted of three crimes which are essentially the same acts and address appellant's continuous course of conduct - touching her abdomen and waistline.

Miss KG awoke with her shirt lifted and appellant kissing her abdomen and telling her she had a "sexy stomach." Appellant lifted her t-shirt in order to touch and kiss her abdomen. This misconduct is addressed in Specification 1 of Charge 1 (touching and kissing the abdomen while saying 'you have a sexy stomach'), Specification 2 of Charge 1 (touching her abdomen and torso), and Specification 3 of Charge 1 (lifting her t-shirt). Shortly after, appellant touched her waistline and attempted to pull down her shorts. Arguably, the "waistline" includes the abdomen, torso, and pelvic area. This misconduct is addressed in Specification 1 of Charge 1 (touching the abdomen), Specification 2 of Charge 1 (touching her abdomen and torso, and pelvic area), and Specification 3 of Charge 1 (pulling down her shorts). Because all three of these specifications allege essentially the same misconduct which took place contemporaneously, these specifications are unreasonably multiplied.

## CONCLUSION

After consideration of the entire record of trial, Specifications 1, 2, and 3 of Charge I are consolidated into a single specification, denominated The Specification of Charge I, to read as follows:

---

[2] The government also concedes that these specifications are unreasonably multiplied and should be consolidated into a single specification.

> In that [appellant], U.S. Army, did at or near Schofield Barracks, Hawaii, on or about 4 May 2013, commit a lewd act upon [Miss KG] to wit: lifting her t-shirt, touching her abdomen, torso, and pelvic area and kissing her abdomen while saying "you have a sexy stomach" or words to that effect, and pulling down her shorts; and that at the time, [Miss KG] had not attained the age of 12 years.

The findings of guilty of Specification 2 and 3 of Charge I are set aside and DISMISSED. The finding of guilty of The Specification of Charge 1, as so amended, is AFFIRMED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence. The military judge merged Specifications 1, 2 and 3 of Charge I for sentencing. Appellant was tried and sentenced by a military judge. The nature of the new consolidated offense captures the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Lastly, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. Based on the entire record and appellant's course of conduct, we are confident the military judge would have imposed a sentence of at least that which was adjudged. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the sentence as adjudged. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by our decision, are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

4